UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:15-cr-6-RLM |
| ) | |
| DOUGLAS D. JACKSON ) | |

<u>SENTENCING MEMORANDUM</u>

Douglas Jackson drove a fifteen-year-old girl from South Bend, Indiana to Atlanta, Louisville and Grand Rapids with the understanding that she would perform sexual services for money. Mr. Jackson placed internet advertisements for her services upon arriving in those cities, and provided her with a cell phone and a place in which to conduct her business. Mr. Jackson and the girl split the money evenly. They were caught on their trip to Grand Rapids, and Mr. Jackson had a gun in the car. The jury convicted Mr. Jackson of three counts of transporting a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a), three counts of sex trafficking of a minor, 18 U.S.C. § 1591(a) & (b)(2), and one count of using a firearm in furtherance of a crime of violence (count 7), 18 U.S.C. § 924(c). The court denied Mr. Jackson's motion for judgment of acquittal on the firearm count in a separate order.

Mr. Jackson objected to the following paragraphs of the presentence report:

- ¶¶ 5-8 and 13-17 (which set out the facts of the case),
- ¶ 18 (which summarizes the proposed guideline calculation),

- ¶¶ 11, 20, 30 and 68 (which propose an enhancement for obstruction of justice),
- ¶¶ 16 and 25 (which propose an enhancement for misrepresentation of identity),
- ¶ 26 (which proposes an enhancement for use of a computer),
- ¶ 27 (which proposes an enhancement for a commercial sex act),
- ¶¶ 17 and 29 (which recommend a role-in-the-offense enhancement),
- ¶¶ 35, 67 and 77 (which recommend a five-year guideline range, identify the mandatory minimum for the firearm count, and report a mandatory special assessment on the firearm count), and
- ¶102 (which proposes a supervised release condition allowing the probation officer access to all of the defendant's electronic devices that allow internet access).

The government had no objection to the presentence report, though its sentencing memorandum indicates a belief that Mr. Jackson's objections to one proposed enhancement and a proposed condition of supervision might be right.

The court adopts as its own findings ¶¶ 1-4, 9-10, 12, 18-19, 21-24, 28, 31-34, 36-66, 68-76, and 78-86 of the presentence report, specifically including ¶¶ 49-65 concerning Mr. Jackson's financial condition and earning ability. The court applies the 2015 version of the sentencing guidelines.

Several of Mr. Jackson's objections were grounded in his motion for judgment of acquittal on count 7. Because the court has overruled that motion, it also overrules those objections, which were to ¶¶ 35, 67 and 77 of the presentence report. Several other objections went to the facts of the case; consistent with his claim of innocence, Mr. Jackson objects to those. Evidence presented at trial and at the sentencing hearing supports all but a small portion of the factual items to which Mr. Jackson objects, and persuades the court that those facts are more likely true than not. The court overrules Mr. Jackson's objections to, and adopts as its own findings, ¶¶ 5-8 and 15 -17 of the presentence report, with these exceptions:

- the court declines to adopt the last 3 sentences in ¶ 5;
- the court declines to adopt the words, "being a prostitute" in ¶ 6;
- the court replaces the last period in ¶ 8 with "in Atlanta, Louisville, and Grand Rapids."
- in ¶ 13, the court substitutes "May 19," for "April" and "June 14" for "June."

The court agrees with Mr. Jackson that the condition of supervision proposed in ¶ 102 of the presentence report is inappropriate for him, and so is unreasonable. Although this case involves sex crimes and a child, Mr. Jackson has no known connection to child pornography. This record provides no basis to require Mr. Jackson to submit to inspection of all internet-capable electronic devices. The court sustains Mr. Jackson's objection to ¶ 102 of the presentence

report. The court also withdraws the condition of supervision recommended in ¶ 91 of the report.

## A. The Sentencing Guidelines

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Garcia, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2015 version of the sentencing guidelines.

Because counts 1 through 6 all involve a common scheme or plan, they are grouped and treated as a single offense for purposes of calculating the advisory sentencing guideline range. U.S.S.G. § 3D1.2(b). The base offense level for transporting a minor with intent to engage in criminal sexual activity is 30. U.S.S.G. § 2G1.3(a)(2).

### 1. Persuasion or Influence

The sentencing guidelines require a 2-level enhancement if the defendant knowing misrepresented his identity to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, U.S.S.G. § 2G1.3(b)(2)(A), or otherwise influenced a minor to engage in prohibited sexual conduct, U.S.S.G. § 2G1.3(b)(2)(B). The presentence report recommends that this enhancement be applied because Mr. Jackson misrepresented his age: the minor testified Mr. Jackson told her that he was 17

4

years old, when he actually was 26. Mr. Jackson objects, denying that he misrepresented his age. While the girl's testimony generally was credible and persuasive, it was less so on this point. But even if Mr. Jackson misrepresented his age, the enhancement requires more: the misrepresentation must have persuaded, induced, enticed, coerced, or facilitated the girl's travel with Mr. Jackson. No evidence in the record indicates that his misrepresentation of his age had anything to do with her going with Mr. Jackson to engage in commercial sexual activity in a variety of cities. She didn't travel for commercial sex because she thought Mr. Jackson was only 17.

The government notes that U.S.S.G. § 2G1.3(b)(2)(B) requires only that Mr. Jackson unduly influenced the minor to engage in the illicit travel, and notes further that Note 3(B) to that guideline allows an inference of undue influence when (as here) the defendant was at least 10 years older than the minor. With the benefit of the minor's trial testimony, the court declines to draw that inference.

The court sustains Mr. Jackson's objection to ¶¶ 16 and 25 of the presentence report. His offense level remains at 30.

### 2. Use of a Computer

The sentencing guidelines require a 2-level enhancement if a defendant used a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor.

5

U.S.S.G. § 2G1.3(b)(3). The government and the presentence report contend this enhancement is required, and Mr. Jackson objects. The objection goes to the underlying facts of the case. The minor testified at trial that when she and Mr. Jackson arrived in a city, Mr. Jackson would post an advertisement on backpage.com for that area (which men looking for commercial sex apparently use), listing the number of the cellphone he had given the girl. The record contains no reference to anything else that might have attracted customers. Mr. Jackson testified at trial that it was the girl, not him, who posted the backpage.com ads, and that she did so without his knowledge. The jury believed the girl, and so does the court.

Mr. Jackson used a cell phone and an interactive computer service to entice or solicit people to engage in prohibited sexual conduct with the 15-year-old girl that he transported to Atlanta, Louisville, and Grand Rapids, as well as Chicago, Memphis, Indianapolis and Fort Wayne. The court overrules his objection to ¶ 26 of the presentence report. His offense level is increased by 2 levels, U.S.S.G. § 2G1.3(b)(3), to level 32.

### 3. Commercial Sex Act

The presentence report and the government recommend the 2-level enhancement the guidelines require if the offense involved the commission of a sex act or sexual contact. U.S.S.G. § 2G1.3(b)(4). Mr. Jackson objects, asserting that he didn't know the girl was engaging in sex acts. Again, the jury

6

believed the girl's testimony, as does the court. Sex acts were a primary purpose of these trips, and the only purpose for putting out the backpage.com advertisements.

Mr. Jackson also argues that adding 2 levels for commercial sex to a base offense level for a crime involving commercial sex amounts to impermissible double counting. The court disagrees. Section 2G1.3 provides guideline calculations for several offenses, not all of which require that commercial sex acts actually take place. Those crimes are differentiated by this enhancement.

The court overrules Mr. Jackson's objection to ¶ 27 of the presentence report. His offense level is increased by 2 levels, U.S.S.G. § 2G1.3(b)(4), to level 34.

*4. Role in Offense*

The guidelines require a 2-level enhancement for a defendant who managed or supervised another criminal participant. U.S.S.G. § 3B1.1(b). Pointing to Mr. Jackson's relationship with the minor, the government and presentence report contend that this enhancement is required; Mr. Jackson objects. Consistent with his claim that he didn't know what the girl was doing on their trips, Mr. Jackson says he played no supervisory role.

The child testified, credibly and persuasively, that Mr. Jackson arranged for her to have and go with customers for her sexual services. Mr. Jackson paid

7

all the expenses of the trips. In doing these things, he managed the activity. Texts from the phone disclose Mr. Jackson telling the girl how long she should be with a customer and when to leave him. In doing so, he managed the activity.

Mr. Jackson managed the criminal activity and supervised the girl during its commission. The court overrules Mr. Jackson's objection to ¶¶ 17 and 29 the presentence report, and increases his offense level by 2 levels, U.S.S.G. § 3B1.1(c), to level 36.

### 5. Obstruction of Justice

Contending that Mr. Jackson lied in his trial testimony, the government and the presentence report recommend the 2-level enhancement required when a defendant attempted to obstruct justice. Contending that his trial testimony was truthful, Mr. Jackson objects.

Courts should proceed cautiously when dealing with a claim of trial perjury, lest a defendant's guideline range be increased simply because he exercised his constitutional right to testify on his own behalf and lost. Nonetheless, Mr. Jackson knowingly testified falsely on several material points.

- He testified that the purpose of the trips was to see family and friends — and the court believes that this was one of the purposes of the trips — but denied that the trips were to allow the girl to engage in commercial sexual conduct. As the court found earlier,

      the commercial sexual conduct was a principal reason for the travel. That issue wasn't simply "material" — it was the central issue with respect to each of the seven counts.

- Mr. Jackson denied that he had placed any backpage.com ads, and insisted that the girl must have placed them. Memories fade in some circumstances, but this isn't such a circumstance. The ads aren't easily described in words, but placing such an ad wouldn't be something easily forgotten. The girl testified truthfully that Mr. Jackson placed the ads. The court believes her testimony. Mr. Jackson knew his testimony on this fact was false, and this fact was material to Mr. Jackson's guilt.

- Mr. Jackson testified that he knew the girl was providing "escort services," but denied knowing that sex was involved. That testimony strains credulity, especially given the backpage.com ads. That testimony was false, Mr. Jackson knew it was false, and it was material to the sex counts.

Mr. Jackson committed perjury at trial, thus attempting to obstruct justice within the meaning of U.S.S.G. § 3C1.1. The court overrules his objection to ¶¶ 11, 20, and 30 of the presentence report. His offense level is increased by 2 levels, to level 38.

### 6. The Advisory Range

This is Mr. Jackson's first criminal conviction of any sort, so the sentencing guidelines assign him to criminal history category I. For a level 38/category I offender, the guidelines recommend a sentencing range of 235 to 293 months. Count 7 requires an additional 60-month sentence, producing an effective recommended range of 295 months (24 years, 8 months) to 353 (29 years, 5 months) months in prison.

### B. Statutory Factors

The court decides the sentence under 18 U.S.C. § 3553, United States v. Booker, 543 U.S. 220 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a combined sentencing range of 295 to 353 months. The government

recommends a 300-month sentence. The defense recommends a sentence of 180 months, the shortest sentence allowed for these crimes.

It's an inelegant way of putting it, but Mr. Jackson pimped out a 15-year-old girl several times in several places, taking her all over the midwest to find customers: Atlanta, Louisville, Grand Rapids, Chicago, Memphis, Indianapolis and Fort Wayne. On at least one occasion, he brought a firearm along. Mr. Jackson found a successful way to find customers quickly. He took half the money she made. He lied about it to the jury trying to presume his innocence. He used no force upon, and made no threats to, the child.

Mr. Jackson is 27 years old. His presentence report, and the letters written by those close to him, don't depict a person one would expect to see facing a sentence of 20 to 30 years. Mr. Jackson has no prior criminal convictions, though he faces a misdemeanor case charging him with operating with a controlled substance in his body and possession of marijuana.

Mr. Jackson was an honors student in high school, went to college to play basketball, and was near graduation from college when he was arrested. His childhood was good. Mr. Jackson is unmarried and has no children. He is healthy, both mentally and physically, but reports a history of marijuana use that suggests he might benefit from drug abuse treatment. His employment record is modest. Mr. Jackson has close family ties, and those close to him speak very highly of him.

Predicting the need to protect the public from Mr. Jackson is very difficult. It would be easier if it were possible to understand how his criminal conduct in this case can be squared with the rest of his life. As best the court can draw all the elements together, based on Mr. Jackson's education and lack of prior criminal record, it seems that he poses a lower risk of criminal activity than most defendants who pass through the federal courts.

The sentencing guidelines ordinarily are the best measurement of the need to reflect the crime's seriousness, to provide just punishment for the crime, and to deter others from committing the same sort of crimes. The guidelines might be low with respect to the seriousness of Mr. Jackson's crimes because they don't reflect that he was convicted of three separate trips for him to arrange for customers to have sex with the girl, or that he engaged in four other uncharged trips with her, or that the activity lasted for about a month, or that he provided her with marijuana. On the other hand, the guidelines already treat this conduct very seriously. Reasonably uniform sentencing practices generally tend to promote respect for the law.

### C. The Sentence

Mr. Jackson's requested statutory minimum sentence isn't enough to reflect the seriousness of these crimes. Congress has authorized life sentences for child sex traffickers, and with good reason. Mr. Jackson took advantage of a child in far too great a hurry to seem an adult, but in the final analysis, she

12

was a 15-year-old being offered to strangers for sex. There will be substantial emotional damage. The government's requested aggregate 300-month sentence, while closer to the mark, is too great to be reasonable in light of the rest of the life Mr. Jackson has lived. The court recognizes the government's thought that a sentence above the low end of what the guidelines recommend is needed to reflect that Mr. Jackson took the girl on many trips, but the court weighs the rest of Mr. Jackson's life differently.

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuades the court that in light of the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, the defendant's history and characteristics, and the range recommended by the guidelines, concurrent sentences of 235 months on counts 1-6, followed by a consecutive 60-month sentence on count 7, for an aggregate 295-month sentence, is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

Mr. Jackson committed terrible crimes, but nothing in this record suggests that either he or society will benefit from years of supervision of Mr. Jackson after he spends the next 20 plus years in prison. The court imposes no supervised release.

Mr. Jackson can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court

13

imposes no fine. A special assessment of $700.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Douglas Davalos Jackson, Jr. is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 235 months on each of counts 1 through 6, with those terms to be served concurrently, and a 60-month sentence on count 7, with that term to be served consecutively to the sentences imposed on counts 1 through 6, for an aggregate term of imprisonment of 295 months.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine recommended by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $700.00, which shall be due immediately.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility, consistent with the defendant's security classification as determined by the Bureau of Prisons, as close as reasonably possible to his family in South Bend, Indiana, and where he can participate in a substance abuse treatment program.

ENTERED:   December 3, 2015

　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　Robert L. Miller, Jr., Judge
　　　　　　　　　　　　　　United States District Court

cc:    D. Jackson
       M. Soliday
       J. Maciejczyk
       USM
       USPO

15